**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road
Building 6
Moorestown, NJ 08057
(856) 795-2181
*By:*   Steven J. Bushinsky, Esquire
        W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND; IBEW LOCAL 351 SURETY FUND; IBEW LOCAL 351 WELFARE FUND; IBEW LOCAL 351 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND for and on behalf of themselves and said FUNDS; IBEW LOCAL 351 PENSION FUND; IBEW LOCAL 351 SURETY FUND; IBEW LOCAL 351 WELFARE FUND; IBEW LOCAL 351 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND and IBEW LOCAL UNION NO. 351, <br><br> *Plaintiffs,* <br><br> v. <br><br> HOT WIRE ELECTRIC, LLC, <br><br> *Defendant.* | Case No. <br><br><br> **COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

## **JURISDICTION AND VENUE**

1.     The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2.     This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185 because the Trust Funds are administered in the State of New Jersey, and the breach took place in New Jersey.

3.     This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because Defendant maintains or maintained a principal place of business in the State of New Jersey

4.     A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## **PARTIES**

5.     Plaintiff Trustees of the IBEW Local 351 Pension, Surety, Welfare, Joint Apprenticeship and Training Committee, and South Jersey Electrical Workers Temporary Disability Funds ("Funds") are fiduciaries of the Funds within the

2

meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §1002(21) and §1132. The Plaintiff Funds are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and are employee benefit plans established and maintained pursuant to Sections 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds are also multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145 respectively.

6.      Plaintiff Funds are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145 respectively.

7.      The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

8.      Plaintiff Funds have standing to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

9.      The Trustees are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

10.     Plaintiff Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

11.     Plaintiff Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29

3

U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

12.    Plaintiff IBEW Local Union No. 351 ("Union") is engaged in collective bargaining on behalf of construction electricians throughout the State of New Jersey. The Union qualifies to commence this action under Section 301 of LMRA, 29 U.S.C. §185.

13.    The Union maintains their principal place of business at 1113 Black Horse Pike, Folsom, New Jersey 08037.

14.    Defendant, Hot Wire Electric, LLC ("Hot Wire") is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

15.    Upon information and belief, Defendant Hot Wire's principal place of business is located at 820 Anthony Drive, Atco, New Jersey 08004.

16.    Defendant Hot Wire conducts, or has conducted, business in the State of New Jersey during all times relevant to this Complaint.

## COUNT ONE

17.    Plaintiffs incorporate the allegations of Paragraphs 1 through 16 of this Complaint as if set forth herein in their entirety.

4

18.    At all times relevant hereto, Defendant Hot Wire was party to and agreed to abide by the terms and conditions of a Collective Bargaining Agreement ("CBA") with the Union or one or more local labor unions or district councils affiliated with the Union.

19.    At all times relevant hereto, Defendant Hot Wire also signed and agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which, along with the CBA, requires fringe benefit contributions be made for eligible participants on a timely basis.

20.    Defendant Hot Wire failed to pay, or has only paid a portion of, the delinquent contributions as required by the Inside Agreement, Trust Agreement, and Collection Policy for period including, but not limited to, the period of March 1, 2019 through May 31, 2019.

21.    Payment of the delinquent contributions and penalties has been demanded by the Funds, but Defendant Hot Wire has refused to submit the required payments.

22.    Such delinquencies, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

23.    Defendant Hot Wire's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

5

24. This action is brought in part by the Plaintiffs pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. Order Defendant to pay contributions due and owing to the Plaintiff Funds;

B. Order Defendant to pay all delinquent penalties owed to Plaintiff Funds;

C. Order Defendant to pay interest on the delinquent contributions at the rate as provided by 29 U.S.C. §1132(g);

D. Order Defendant to pay liquidated damages as provided by 29 U.S.C. §1132(g);

E. Order Defendant to specifically perform all obligations to the Plaintiff Funds under the CBA;

F. Order Defendant to pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

6

G.    Order such other and further relief as this Court may deem just and appropriate.

## COUNT TWO

25.    Plaintiffs incorporate the allegations of Paragraphs 1 through 24 of this Complaint as if set forth herein in their entirety.

26.    Defendant Hot Wire is signatory to, or has assented to, the CBA with the Union and employs Union members.

27.    Defendant Hot Wire failed to remit dues check-offs for the period including, but not limited to, March 1, 2019 through May 31, 2019.

28.    Defendant Hot Wire violated the CBA by failing to remit dues check-offs and other contributions to the Plaintiff Union.

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

A.    Order Defendant Hot Wire to pay dues-checkoffs due and owing to the Plaintiff Union; and

B.    Order such further legal, equitable or other relief as is just and proper.

## COUNT THREE

29.    Plaintiffs incorporate the allegations of Paragraphs 1 through 28 of this Complaint as if set forth herein in their entirety.

7

30. Prior to this litigation the parties engaged in settlement negotiations to resolve Defendant Hot Wire's delinquent penalties in the amount of **$40,581.64** assessed on delinquent fringe benefit contributions for the time period of July 1, 2012 through November 31, 2016.

31. A Settlement Agreement was drafted whereby Defendant Hot Wire would remit thirty-eight (38) monthly installment payments to resolve the delinquent penalties. Attached as **Exhibit "A"** is a copy of the Settlement Agreement.

32. Although Defendant Hot Wire refused to execute the Settlement Agreement, Hot Wire has remitted twenty-four (24) installment payments totaling **$28,688.78**.

33. Defendant Hot Wire is in breach of the Settlement Agreement by failing to remit the installment payment due on May 30, 2019 and June 30, 2019 and by failing to remain current in fringe benefit contributions. See **Exhibit "A"**, ¶¶3 and 5.

34. Plaintiff Funds' attorney notified Defendant Hot Wire of its breach of the Settlement Agreement by correspondence dated June 12, 2019. Attached as **Exhibit "B"** is a copy of Plaintiff Funds' attorney's June 12, 2019 correspondence.

35. As of July 3, 2019, Defendant Hot Wire has failed to cure the breach.

36. The balance due on the Settlement Agreement is **$11,892.86** excluding interest at the rate of two percent (2%) per month. See **Exhibit "A"**, ¶3.

8

37.     While breach of the Settlement Agreement is a breach of contract issue normally reserved for a state court action, Defendant Hot Wire's failure to remit contributions (Counts One and Two) is also a breach of the Settlement Agreement.

38.     This Count and Counts One and Two derive from a common nucleus of operative facts; therefore, this Court has pendent jurisdiction.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A.     Enter Judgment against Defendant Hot Wire for breaching the clear and express terms of the parties' Settlement Agreement;

B.     Order Defendant Hot Wire to pay **$11,892.86** plus interest at the rate of two percent (2%) per month, the balance due on the parties' Settlement Agreement;

C.     Order Defendant Hot Wire to pay Plaintiffs' counsel fees incurred in the initiation of these proceedings; and

D.     Order such further legal, equitable or other relief as is just and proper.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____

W. Daniel Feehan, Esquire
509 S. Lenola Road
Building 6
Moorestown, NJ 08057
856-795-2181/Fax 856-581-4214
dfeehan@obbblaw.com

Dated: July **3**, 2019

10

# EXHIBIT A

# Settlement Agreement
## May __, 2017

This Settlement Agreement ("Agreement") is entered into by International Brotherhood of Electrical Workers Local 351 Welfare, Pension, Surety, Joint Apprenticeship and Training Committee, South Jersey Electrical Workers Temporary Disability Funds ("Funds") and Hot Wire Electric, LLC ("Hot Wire" or "Company") collectively ("Parties") resolving the Parties' dispute regarding payment of penalties due on delinquent fringe benefit contributions. Company enters into this Agreement and agrees to make two (2) initial payments of five thousand dollars ($5,000.00) each and thereafter thirty-six (36) monthly payments in exchange for the Funds' Agreement to forbear any subsequent legal action.

1.      Company has been and remains obligated to submit monthly remittance reports and contributions to the Funds. Company's obligations arise under the terms of the Inside Agreement between the Southern Division of the Southern New Jersey Chapter, Inc. National Electrical Contractors Association and Local Union 351 IBEW, effective November 21, 2005, which the Company is a party to by virtue of its execution on **November 21, 2005** of the Letter of Assent which bears a stamp of the International Office of the I.B.E.W with a date of **December 14, 2005**, and pursuant to Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2.      **Total Debt.** Company owed penalties due on delinquent fringe benefit contribution payments to the Funds for the period July 1, 2012 through November 31, 2016 ("Period"). The Company resolved the delinquency for the Period, but did not remit payment of the interest penalties. The Company now owes the Funds penalties in the amount of $40,581.64 ("Total Debt").

3.      **Conditional Forbearance**. The Funds agree to conditionally forbear any legal action to collect the Total Debt if Company does not breach the terms of this Agreement with respect to its obligations to the Funds, thereby leaving the principal amount due the Funds at **$40,581.64 ("Settlement Sum")**. In the event Company fully and timely complies with the provisions of this Agreement, the Funds shall accept the Settlement Sum as payment in full. Absent compliance, Company shall owe the Funds the Total Debt (plus interest calculated at the rate of (2%) per month the day upon which such payments are due and the Funds reserve the right to take legal remedies available to resolve this claim.

4.      **Payment.** Company agrees to pay to the Funds the initial payment on or before May 15, 2017 ("Payment Due Date"). Company shall pay to the Funds the Settlement Sum in a total of thirteen (38) installments, to be paid as follows:

| No. | Amount | Due |
|---|---|---|
| 1 | $5,000.00 | 5/15/2017 |
| 2 | $5,000.00 | 6/30/2017 |
| 3 | $849.49 | 7/30/2017 |
| 4 | $849.49 | 8/30/2017 |
| 5 | $849.49 | 9/30/2017 |
| 6 | $849.49 | 10/30/2017 |
| 7 | $849.49 | 11/30/2017 |
| 8 | $849.49 | 12/30/2017 |
| 9 | $849.49 | 1/30/2018 |
| 10 | $849.49 | 2/30/2018 |
| 11 | $849.49 | 3/30/2018 |
| 12 | $849.49 | 4/30/2018 |
| 13 | $849.49 | 5/30/2018 |
| 14 | $849.49 | 6/30/2018 |
| 15 | $849.49 | 7/30/2018 |
| 16 | $849.49 | 8/30/2018 |
| 17 | $849.49 | 9/30/2018 |
| 18 | $849.49 | 10/30/2018 |
| 19 | $849.49 | 11/30/2018 |

| No. | Amount | Due |
|---|---|---|
| 20 | $849.49 | 12/30/2018 |
| 21 | $849.49 | 1/30/2019 |
| 22 | $849.49 | 2/30/2019 |
| 23 | $849.49 | 3/30/2019 |
| 24 | $849.49 | 4/30/2019 |
| 25 | $849.49 | 5/30/2019 |
| 26 | $849.49 | 6/30/2019 |
| 27 | $849.49 | 7/30/2019 |
| 28 | $849.49 | 8/30/2019 |
| 29 | $849.49 | 9/30/2019 |
| 30 | $849.49 | 10/30/2019 |
| 31 | $849.49 | 11/30/2019 |
| 32 | $849.49 | 12/30/2019 |
| 33 | $849.49 | 1/30/2020 |
| 34 | $849.49 | 2/30/2020 |
| 35 | $849.49 | 3/30/2020 |
| 36 | $849.49 | 4/30/2020 |
| 37 | $849.49 | 5/30/2020 |
| 38 | $849.49 | 6/30/2020 |

Payments shall be made by certified check or money order, and shall be made payable to **"IBEW Local 351 Distribution Fund"**. **Payments shall be sent by mail to**:

O'Brien, Belland & Bushinsky, LLC
Attn: Steven J. Bushinsky, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003

5. **Obligation to Remain Current**. Company will submit on time all current monthly contributions and remittance reports as required by the Inside Agreement(s). For purposes of this Paragraph 5, contributions and remittance reports are considered timely if they are mailed to the Funds no later than the fifteen (15) calendar days following the end of each calendar month. For example, contributions for hours worked April 2017 must be mailed to the Funds no later than May 15, 2017.

6. **Breach and Remedy**. If prior to the Termination Date of June 15, 2020, the Company breaches any of the terms of this Agreement the Funds may take whatever actions it considers reasonably appropriate, subject to the Right to Cure provisions below, to collect all amounts owed to it by Company. In addition, the Funds can recover all attorneys' fees and costs and related collection costs it incurs as a result of a breach of this Agreement by Company. A breach of this Agreement will occur in the event:

> (a) Company fails to timely submit a remittance report and/or contributions as required under the terms of the applicable Inside Agreement;

(b)     Any check provided by Company is dishonored by the bank when presented for payment;

(c)     A receiver, trustee or liquidator is appointed with respect to all or a substantial portion of the assets of Company;

(d)     Company makes a general assignment for the benefit of creditors, becomes subject (voluntarily or involuntarily) to any state bankruptcy or insolvency proceeding or becomes a debtor in a proceeding under Title 11, U.S.C., or makes or files an arrangement with creditors in order to take advantage of any insolvency law; or

(e)     This Company fails to make a timely installment payment.

7.     **Right to Cure.** If one of the events listed in Paragraph 6 occurs, causing Company to be in breach of this Agreement, the Funds will provide written notice to the Company, formally notifying Company that it is in breach of this Agreement. Company will then have a grace period within which it may cure the breach. For events described in Paragraphs 6 (a), (b), and (e), the grace period is ten (10) business days. To cure a breach described in Paragraphs 6 (a), (b), or (e), Company must submit the missing payment and all other settlement payments and/or remittance reports and contributions that come due within the ten (10) day grace period. For events described in Paragraphs 6 (c) and (d), the breach must be cured by the dismissal of such proceedings within forty-five (45) calendar days. If Company does not cure the breach within the applicable grace period, the Funds will have the right to take any other action it deems appropriate. If the Funds do not exercise its rights in the event of a breach, it retains those rights and may exercise them in the event there is a later breach.

8.     **Additional Rights on Breach**. Upon any breach not timely cured, the Funds shall have the right, but not the obligation, to use any one or more of the following additional remedies or any other remedy provided in the Agreement in their absolute and sole discretion, including, without limitation, the following:

     a. Acceptance by the Funds of one or more late or partial payments shall not constitute a waiver of the Funds' right to demand that payment be on time and in full for all subsequent payments. Failure or delay by the Funds to enforce this Agreement shall not constitute a waiver of the Funds' right to collect all sums due under this Agreement, any collective bargaining agreement, or Section 502(g)(2) of ERISA.

9.     **Notice**. The obligation of the Funds to provide Company with written notice of breach and Company's right to cure the breach may be satisfied by mailing the notice by first class mail to:

Hot Wire Electric, LLC
820 Anthony Drive
Atco, NJ 08004

3

Notices to the Funds shall be e-mailed or mailed by first class mail to:

O'Brien, Belland & Bushinsky, LLC
Attn: Steven J. Bushinsky, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
E-mail: sbushinsky@obbblaw.com

Notices shall be considered received when received by the party or its counsel. Absent a delivery receipt or affidavit, first class U.S. Postal System delivery shall conclusively be considered received on the third (3rd) mail day after deposit, overnight delivery on the second (2nd) business day after deposit.

10.     **Penalty Fee**. In the event any check in payment of any obligation under this Agreement is dishonored by Company's bank, Company will pay a penalty fee of Fifty Dollars ($50.00) upon demand of the Funds.

11.     **Prepayment.** Company has the right at any time to pay the entire balance then due owing to the Funds without penalty.

12.     **Withdrawal Liability.** Notwithstanding the foregoing, the parties to the Agreement understand and agree that nothing contained therein shall in any manner relate to or otherwise limit the obligations of Company or the rights of the Funds with respect to the assessment and collection of withdrawal liability pursuant to 29 U.S.C. §1381 et seq.

13.     **Severability.** Should any provision of this Agreement be determined by a court of competent jurisdiction to be void or unenforceable, the remaining provisions shall remain valid and enforceable unless agreed to by all parties to this Agreement.

14.     **Governing Law.** This Agreement shall be deemed executed in the District of New Jersey and shall be governed by the laws of the District of New Jersey, except as required by ERISA or other applicable federal law. This Agreement may not be changed orally, but may be changed only by a writing signed by all of the parties hereto.

15.     **Binding Effect**. This Agreement shall be binding upon all parties hereto, principals, owners, officers, agents, employees, subsidiaries, affiliates, agents, directors and attorneys, predecessors in interest, heirs, successors, and assigns, past and present.

16.     **Counterparts.** This Agreement may be executed in one or more counterparts, and by facsimile or email transmission, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

17.     **Authorization to Execute**. The persons executing this Agreement on behalf of the parties are duly authorized to execute this Agreement and to bind the respective parties to all of its terms.

4

18.     **Fully Negotiated Agreement**. The Agreement represents the fully negotiated agreement(s). Both the Funds and Company have been afforded the opportunity, which each has exercised, to review the terms of the Agreement. Both the Funds and Company have been afforded the right to consult with legal counsel of their choice concerning such terms and their implications. This Agreement shall not be construed for or against either the Funds or Company based on the principle that ambiguities are construed against the drafter.

19.     **No Admission.** This Agreement shall not be construed as an admission by any party hereto of liability or wrongdoing. This Agreement shall not be used by any party hereto as evidence in any future proceeding except in a proceeding to enforce its terms and is entered into without prejudice to any position any party hereto may take in any future proceeding. The Parties agree that this Agreement is without precedent value and that there shall be no reference to it in any future proceeding between or among the Parties, except in a proceeding to enforce its terms.

The remainder of this page is intentionally blank.

**WE HEREBY ACCEPT THIS SETTLEMENT AGREEMENT**

**INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 351
WELFARE, PENSION, SURETY,
JOINT APPRENTICESHIP AND
TRAINING COMMITTEE, SOUTH JERSEY
ELECTRICAL WORKERS TEMPORARY
DISABILITY FUNDS**

By: _____
        Steven J. Bushinsky, Esquire

Dated: _____

**HOT WIRE ELECTRIC, LLC**

By: _____

Dated: _____

6

# EXHIBIT B

# O'BRIEN, BELLAND & BUSHINSKY, LLC

ATTORNEYS AT LAW

ROBERT F. O'BRIEN (NJ, PA & DC)
MARK E. BELLAND (NJ & PA)
STEVEN J. BUSHINSKY (NJ, NY & PA)
THOMAS F. KARPOUSIS (NJ)
KEVIN D. JARVIS (NJ & NY)
TIMOTHY P. HAGGERTY (NJ)
DAVID F. WATKINS, JR. (NJ & PA)
ANTHONY W. DESTEFANIS (NJ)
MICHAEL J. DELTERGO (NJ, PA, MA & DC)
MATTHEW L. RAZZANO (NJ & PA)
W. DANIEL FEEHAN (NJ & PA)
MATTHEW B. MADSEN (NJ)
DAVID H. LIPOW (NJ & PA)
PETER J. MOAK (NJ & PA)

1526 BERLIN ROAD
CHERRY HILL, NEW JERSEY 08003

(856) 795-2181
(888) 609-8300
FAX (856) 795-2182
INTERNET: WWW.OBBBLAW.COM
E-MAIL: OBBB@OBBBLAW.COM

OF COUNSEL
CARL J. MINSTER III (PA, NJ)
DAVID J. J. FACCIOLO (DE, PA)
DAVID R. THIERMAN* (NJ, PA & FL)
* MASTERS OF LAW IN TAXATION

JOAN FREEDMAN MEYER (NJ & PA)
1931-2011

EMAIL: DFEEHAN@OBBBLAW.COM

File No: 102351.33

June 12, 2019

***VIA CERTIFIED & FIRST CLASS MAIL***
***9214 8969 0099 9790 1013 4557 09***
A. John Howarth
Hot Wire Electric LLC
820 Anthony Drive
Atco, NJ 08004

**RE: IBEW Local 351 Health & Welfare Fund, Pension Fund, Surety Fund, Supplemental Welfare Fund, Apprentice Fund and South Jersey Electrical Workers' Temporary Disability Benefits Fund**

Dear Mr. Howarth:

Please recall, this office represents IBEW Local 351 Benefit Funds ("Funds") in this matter. The Settlement Agreement entered into between the Funds and Hot Wire Electric, LLC, ("Hot Wire") requires Hot Wire to remain current in remitting fringe benefit contributions to the Funds and to remit monthly installment payments to resolve Hot Wire's outstanding delinquent penalties. Hot Wire is in breach of the Settlement Agreement for failing to remit contributions for the time period of February 1, 2019 through April 30, 2019 and for failing to remit the installment payment that was due on May 30, 2019 in the amount of $849.49.

If we do not receive payment of the delinquent contributions and delinquent installment payment within ***ten (10) days*** of your receipt of this letter, the Funds will enforce the remedies for breach of the Settlement Agreement. Please forward your check payable to ***"IBEW Local 351 Distribution Fund"*** immediately to cure the breach of the Settlement Agreement.

Very truly yours,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

W. Daniel Feehan, Esquire

WDF/djh